IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHERI JENKINS, )<br>                Plaintiff, )<br>v. )<br>                           )<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>                         )<br>              Defendant. ) | Case No. CIV-09-500-SPS |

**OPINION AND ORDER AWARDING**
**ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**

The Commissioner of the Social Security Administration denied an application for benefits by the Plaintiff Sheri Jenkins. The Plaintiff appealed to this Court, which reversed the Commissioner's decision and remanded the case to the administrative law judge for further proceedings. On remand, the ALJ found the Plaintiff to be disabled and awarded her $49,924.90 in past-due benefits. The Plaintiff now seeks appellate costs and attorneys' fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $12,481.23. For the reasons set forth below, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 27] should be granted.

The Commissioner issued a notice of award dated May 13, 2012. Thus, the Plaintiff's May 21, 2012 motion pursuant to Section 406(b)(1) comes less than thirty days after the issuance of the notice of award, so the Court finds that the Plaintiff's motion is timely, as it was filed "within a reasonable time" of the issuance of the notice of award pursuant to Fed. R. Civ. P. 60(c)(1). *See McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests . . .

We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award.") [citations omitted].

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). This amount is exclusive of any award to the Plaintiff's agency representative under 42 U.S.C. § 406(a). *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [internal citations omitted]. The Plaintiff's fee request of $12,481.23 does not exceed 25% of past-due benefits, so the Court need only consider whether this amount is reasonable given the work performed in this case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider in determining whether a requested fee is reasonable under *Gisbrecht* include the character of the representation and the results achieved, 535 U.S. at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused delay, and whether the contingent fee is so large in comparison to the amount of time spent on the case that it results in a windfall. *Id.*, *citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or when the amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *Id.*, *citing Rodriguez*, 865 F.2d at 741. Based on these factors, the Court concludes that an award of $12,481.23 in attorneys' fees is reasonable for the work done on appeal in this case.

First, the Plaintiff's attorneys ably represented her in this appeal and ultimately obtained excellent results on her behalf. The Court reversed the Commissioner's decision for reasons argued by the Plaintiff's attorneys, remanded the case for further proceedings by the ALJ, and awarded the Plaintiff $6,914.10 in attorneys' fees as the prevailing party pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On remand, the Plaintiff obtained a disability determination from the Commissioner and an award of past-due benefits in the amount of $49,924.90. Thus, in addition to ongoing disability benefits, the Plaintiff should net over $37,000.00 in past-due benefits even after all fees and costs are paid. Second, there is no evidence counsel caused any unnecessary delay in these proceedings. Third, the requested fee represents

no windfall to the Plaintiff's appellate attorneys, who spent 38 hours (with an additional 3.1 hours of paralegal/intern time) working on the Plaintiff's case, *see* Docket No. 27, Ex. 4, and will therefore earn approximately $328.45 per hour for their work done on appeal. The Court therefore concludes that the requested fee of $12,481.23 is reasonable within the guidelines set by *Gisbrecht*.

The Commissioner withheld $12,481.23 from the Plaintiff's past-due benefits, but it is not clear whether the Commissioner currently retains sufficient funds to satisfy the $12,481.23 fee awarded herein by the Court, *i. e.*, the record does not reflect whether the Commissioner has paid any fee awarded for representation of the Plaintiff at the agency level. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Further, because the $12,481.23 awarded herein exceeds the $6,914.10 previously awarded by the Court under the EAJA, the Plaintiff's attorneys must refund the latter amount to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

Accordingly, Plaintiff's Motion for Attorney's Fees Under 42 U.S.C § 406(b) with Supporting Memorandum [Docket No. 27] is hereby GRANTED. The Court hereby approves an award of $12,481.23 in attorneys' fees to the Plaintiff's appellate attorneys pursuant to 42 U.S.C. § 406(b)(1), and directs the Commissioner to pay the balance of the past-due benefits in his possession to the Plaintiff's appellate attorneys, who shall thereupon refund the full amount previously awarded under the EAJA to the Plaintiff.

**IT IS SO ORDERED** this 8th day of June, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma